UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANNING LAMONTE SCOTT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-64-HAB-SLC |
| WENDY DAVIS, | |
| Defendant. | |

OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, filed a complaint against State Court Judge Wendy Davis. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott alleges on October 15, 2019, Judge Wendy Davis violated his constitutional rights in the Allen County Superior Court by refusing to allow him to receive rehabilitation while he was incarcerated. He alleges she violated his right to due process and should not have sentenced him because she prosecuted his cousin in 2007 and is close friends with the paternal grandmother of his daughter's daughter.

On October 15, 2019, Judge Davis accepted Scott's guilty plea and sentenced him in *State v. Scott*, 02D04-1905-F4-39 (Allen Superior Court filed May 2, 2019). "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

It is unclear what rehabilitation services Scott was denied. It is unclear how Judge Davis prevented him from receiving rehabilitation services during his incarceration. It is clear sentencing Scott was within the jurisdiction of Judge Davis as a Superior Court Judge. It is clear she has judicial immunity.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on February 15, 2023.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT