UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANNING LAMONTE SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>WENDY DAVIS,<br><br>Defendant. | CAUSE NO. 1:23-CV-64-HAB-SLC |

OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, filed two motions asking the court to set aside the judgment and reopen this case. ECF 10 and 11. The motions restate (in greater detail) the reasons he believes Judge Wendy Davis made improper rulings in his State criminal case: *State v. Scott*, 02D04-1905-F4-39 (Allen Superior Court filed May 2, 2019). Nothing in either motion alters the court's prior ruling that Judge Davis has absolute judicial immunity for her rulings in his criminal case because "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judge Davis had jurisdiction to preside over his criminal case and he cannot sue her for money damages.

Perhaps because he cannot get money, in these motions he now seeks to have a different State judge resentence him. However, habeas corpus is the exclusive federal civil remedy for a State prisoner seeking to challenge the fact or duration of his custody.

*Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). This is not a habeas corpus case. Even if Scott had sought this alternative relief in his original complaint, this case still would have been dismissed.

Scott also filed an in forma pauperis motion. ECF 12. He has already been granted leave to proceed in forma pauperis in this case. ECF 4. At the bottom of the motion he wrote "cc: Appellate Court." ECF 12 at 2. He wrote the same thing on one of his motions to reconsider. ECF 11 at 3. If it was his intent to appeal the judgment in this case to the United States Court of Appeals for the Seventh Circuit, he should have filed a Notice of Appeal. It is possible he mistakenly believes this is an Appellate Court reviewing the ruling by Judge Davis in his State criminal case. It is unclear why he wrote "cc: Appellate Court," but since he may be trying to appeal the judgment in this case, the clerk will be directed (in an abundance of caution) to separately docket the entries with that notation so he may proceed with an appeal if that was his intent. If that was not his intent, he needs to promptly notify the court that he did intend to appeal the judgment in this case.

For these reasons, the motions (ECF 10, 11, and 12) are DENIED. The clerk is DIRECTED to separately docket ECF 11 as a Notice of Appeal and ECF 12 as an in forma pauperis motion for that appeal.

SO ORDERED. March 30, 2023.

      s/ *Holly A. Brady*
      JUDGE HOLLY A. BRADY
      UNITED STATES DISTRICT COURT